UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ASHFORD ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | No.: 20-cv-4090-MMM |
| ) | |
| WANDA PENNOCK, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW**

Plaintiff, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Center, files a complaint under 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**ANALYSIS**

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff has filed two prior, virtually identical suits in *Ashford and Anderson, v. Pennock et al.*, No. 18-4202 (C.D. Ill. Oct. 3, 2018) and *Ashford and Anderson, v. Pennock et al.*, No. 19-42215 (C.D. Ill. Oct. 24, 2019). In *Ashford*, No. 19-4225, the Court noted that Plaintiff had failed to disclose

the *Ashford*, No. 18-4202 lawsuit in his litigation history. At that time, the Court advised Plaintiff that he was to fully disclose his prior litigation history in all future filing and that the failure to do so was potentially subject to sanctions. Despite this, Plaintiff has filed a list of prior lawsuits with the complaint here and, again, fails to disclose the 2018 case.

*Ashford*, No. 19-42215 underwent merit review at which time Plaintiff Ashford's case was severed from that of Plaintiff Anderson and opened in the instant case. In the two prior cases, as here, Plaintiff alleges that he was wrongly assigned a new roommate after having roomed 6 ½ years with Mr. Anderson. Plaintiff protested the change and, thereafter, was assigned a succession of different roommates. Plaintiff invariably refused to be housed with these individuals and was subject to disciplinary action. In the merit review of *Ashford*, No. 19-42215, Plaintiff was advised that he did not have a constitutional right to the cellmate of his choosing. *Smego v. Weitl*, No. 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainee does not have a right to "a roommate of his own choosing.") The claim was dismissed with prejudice. *Ashford* No. 19-4215 [ECF 5 at 6]. Undissuaded, Plaintiff realleges it here.

In *Ashford* No. 19-4215, the Court also dismissed as a Defendant, the Illinois Department of Human Service ("IDHS") which operates the Rushville facility. This was so, as IDHS is a department of the State of Illinois and enjoys the State's sovereign immunity. *See Hargett v. Baker*, No. 02-1456, 2002 WL 1732911, at *2 (N.D. Ill. July 26, 2002) (dismissing § 1983 claim IDHS due to the "well- established principle that states and state agencies enjoy immunity from suit in federal courts under the Eleventh Amendment.") Plaintiff futilely reasserts his claims against IDHS in this newest complaint.

The Court had also dismissed Liberty Healthcare, finding that Plaintiff did not state a

colorable claim where he pled allegations such as:

> Forcing the habit of obedience so deeply ingrained over years to the point that it overrides rationality and become immoral orders and practices. It is the intention of Liberty Healthcare, Inc. and the Illinois Department of Human Services, Rushville Treatment and Detention Facility Directors to just force incapable residents into a room and expect that they will become impromptu therapists or emergency first responders if the person has a medical issue.

Plaintiff repleads this paragraph verbatim in the newest complaint, as well as other previously pled claims which were determined too vague to be actionable.

In the Court's merit review of *Ashford*, No. 2019-4215, it noted, "Plaintiff Ashford may be found to have stated a procedural due process claim as to the claim that he was wrongly cited and found guilty of leaving the unit without permission. He might also be found to have stated a claim of inhumane conditions of confinement for being kept in a cell without electricity. The two claims, however, are unrelated and represent an impermissible mis-joinder. Plaintiff Ashford was advised of this in the prior case but reasserts the mis-joined claims here. Plaintiff Ashford will have thirty days in which to file an amended complaint, indicating whether he wishes to proceed under a due process or conditions of confinement claim." *Ashford*, No. 19-4215 [ECF 5 at 7] (internal citation omitted). Plaintiff has not done so.

Plaintiff has not heeded the Court's orders and merely files a complaint which is almost verbatim with his two previous filings. In addition, his failure to disclose his 2018 filing for a second time is viewed as an attempt to "get by" the Court, hoping it would not notice that the claims had previously been dismissed, some with prejudice. Here, Plaintiff was given instructions and an opportunity to replead but has not taken the Court's advice and persists in refilling the same allegations for this, a third time.

Accordingly, Plaintiff's complaint is DISMISSED with prejudice. He will not be given an opportunity to amend due to his "repeated failure to cure deficiencies by amendments

previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard v Nygren*, 658 F.3d 792, 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon* v. *Brown*, 1998 WL 246685 at *2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

<u>  11/13/2020             </u>                    <u>     s/Michael M. Mihm        </u>
ENTERED                                           MICHAEL M. MIHM
                                                  UNITED STATES DISTRICT JUDGE